WOODMAN and another *v.* LATIMER and another.

*(Circuit Court, W. D. Michigan, N. D.   June 9, 1880.)*

TAXATION—COLLECTION—INJUNCTION—JURISDICTION.

In Equity.   Demurrer to bill.

*L. D. Norris,* for demurrer.

*S. S. Olds, contra.*

WITHEY, D. J.   Bill filed to restrain the collection of taxes of 1878, upon the sole ground that the tax roll was not ready for review on the third Monday of May, to which a demurrer was interposed by the defendants.   The state supreme court in 37 Mich. 391, cited in the other case, *(ante, —,)* having held that this was not a sufficient ground for relief in equity against the collection of a tax, it must be regarded as decisive of this case.   A federal court will, with few exceptions, follow the decision of the highest tribunal of the state as to the construction of a state law, and a ruling as to the effect of a failure to complete an assessment roll within the time prescribed by such statute does not seem to be within the exceptions.   15 Wall, 548, and 92 U. S. 613, hold that mere illegality in a tax is not a sufficient ground upon which to sustain a bill in equity to restrain the collection thereof.   The whole amount of tax in dispute is $820.60.   Complainant Washburne's one-quarter interest is but $205.15; Woodman's $410.30—neither interest amounting to $500.   The rule seems to be that while different tax payers may join in such a suit there must as to each be in dispute an amount exceeding the sum or value of $500, the interest of each being in its nature several.   *Adams v. Board of County Commissioners,* McCahon's R. 235; *King v. Wilson,* 1 Dil. 568.   But it does not become necessary to decide this question

Demurrer sustained, with costs.